UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANDY RICHARDSON and LESLIE RICHARDSON,

        Plaintiffs,

v.

WELLS FARGO INSURANCE SERVICES, USA, INC.,

        Defendant.

C16-1228 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' Motion for Reconsideration, docket no. 26, is DENIED. Motions for reconsideration are disfavored in this district and will ordinarily be denied in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Local Civil Rule 7(h); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). Plaintiffs urge the Court to reconsider its ruling that no "special relationship" existed between Taw Jackson and Mr. Richardson, but the motion demonstrates no manifest error in, or any new facts or legal authority relevant to, the Court's conclusion that the limited interactions between Mr. Jackson and Mr. Richardson failed to establish a special relationship as a matter of law. In the absence of a special relationship, Mr. Jackson was under no duty to advise plaintiffs regarding coverage. *See American Commerce Ins. Co. v. Ensley*, 153 Wn. App. 31, 42-43 (2009); *see also Suter v. Virgil R. Lee * Son, Inc.*, 51 Wn. App. 524, 528-29 (1988). And because Mr. Jackson

MINUTE ORDER - 1

was under no such duty, the allegedly "newly discovered evidence" related to the cause of the water damage to the Manson Property would not change the outcome of the Court's decision on summary judgment.[1] Summary judgment was properly granted in favor of defendant.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 16th day of August, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[1] Moreover, the Court is not satisfied that plaintiffs could not have discovered the evidence alleged to be "newly discovered" with reasonable diligence prior to the Court's ruling on summary judgment. *See* Fed. R. Civ. P. 60(b)(2). As such, this evidence would not entitle plaintiffs to relief under Fed. R. Civ. P. 60(b)(2). *See Feature Realty, Inc. v. City of* Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (holding that relief from judgment based on "newly discovered evidence" is warranted only if the moving party can show that the evidence relied upon "constitutes 'newly discovered evidence' within the meaning of Rule 60(b)."); *see also McVicar v. Goodman Global Inc.*, 2015 WL 12698408, at *2 (C.D. Cal. May 20, 2015) (noting that evidence is not "newly discovered" under the Federal Rules if it was in the moving party's possession at the time the decision was rendered or could have been discovered with reasonable diligence).

MINUTE ORDER - 2